793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DWAIN LOVE, Individually and d/b/a 43rd PARALLEL PUBLISHING
COMPANY, Plaintiff-Appellant,
v.
THE FAMILY CIRCLE, INC., Defendant-Appellee.
 84-1855
 United States Court of Appeals, Sixth Circuit.
 5/12/86
 
 AFFIRMED
 E.D.Mich.
 On Appeal From The United States District Court for the Eastern District of Michigan
 BEFORE: KEITH and MARTIN, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Dwain Love appeals from a district court order dismissing his complaint for trademark infringement and unfair competition on the ground of res judicata. The district court affirmed a decision by the Trademark Trial and Appeal Board ruling that this Court's finding of no likelihood of confusion in Love v. New York Times Co., 691 F.2d 261 (6th Cir. 1982), deprived plaintiff of standing to petition the Board for cancellation of appellee Family Circle, Inc.'s registration of the trademark 'US'. We affirm.
 
 
 2
 On appeal, plaintiff argues that in Love v. New York Times Co., 691 F.2d 261 (6th Cir. 1982), this Court did not affirm the district court finding of no likelihood of confusion, that he therefore had standing to challenge defendant's registration of the trademark, and that because the defendant was not a party in privity with the New York Times, res judicata does not bar the present action. We agree with none of plaintiff's contentions. This Court expressly affirmed the district court's finding of no likelihood of confusion by stating that the record showed this finding was not clearly erroneous. Love v. New York Times, 691 F.2d at 264. Moreover, the only language in the opinion leaving an issue of 'confusion' unresolved addressed in dicta the possibility of a reverse confusion claim. The court concluded that the concept of reverse confusion, however, afforded plaintiff no relief because he had waived a jury trial and claims to damages and had failed to present evidence to sustain a hypothetical reverse confusion claim. Love v. New York Times, 691 F.2d at 264. This Court expressly affirmed the finding of no likelihood of confusion and held that 'a balancing of the equities in this case supports the district judge's decision. . . . The judgment of the district court is affirmed.' Id. at 265.
 
 
 3
 The district court correctly affirmed the Board's determination that since plaintiff is precluded from showing a likelihood of confusion by the res judicata effect of Love v. New York Times, 691 F.2d 261 (6th Cir. 1982), he lacked standing to challenge defendant's registration of the trademark. Absent a meritorious showing that plaintiff reasonably believes the registration will result in likelihood of confusion or rejection of registration, plaintiff cannot establish standing to challenge defendant's alleged fraudulent registration of the trademark. Lipton Industries, Inc. v. Ralston Purina Co., 670 F.2d 1024, 1026-27 (C.C.P.A. 1982).
 
 
 4
 Finally, in our view, the defendant Family Circle, Inc. is a wholly-owned subsidiary which acted as a sales agent for its parent, the New York Times. Defendant is therefore 'privy' to the New York Times for purposes of applying the res judicata effect of Love v. New York Times to this action.
 
 
 5
 The district court judgment is affirmed.